UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLINA MILMAN**,

    Plaintiff,

v.

**FIEGER & FIEGER, P.C.**, a Michigan corporation; and, **Geoffrey Fieger**, sued in his individual and official capacity,

    Defendants.

Case No: 20-cv-12154
Hon. Stephen J. Murphy, III
Mag. David R. Grand

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

_____

**EX-PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANTS**

NOW COMES Plaintiff Polina Milman, by and through her attorneys, Deborah Gordon Law, who moves ex parte under Federal Rule of Civil Procedure 4(e)(1) for an order permitting alternative service of the Summons and Complaint and Demand for Jury Trial as follows:

1

1. Defendant **FIEGER & FIEGER, P.C.**, a Michigan corporation, filed with LARA and **Geoffrey Fieger** is the resident agent. *See* **Ex. A**, LARA – Department of Licensing and Regulatory Affairs ID #800951702.

2. This Court should permit alternate service of the Summons and Complaint on Defendants, **FIEGER & FIEGER, P.C.,** and **Geoffrey Fieger**, (collectively "Mr. Fieger" or "Defendants") because Plaintiff has tried unsuccessfully, though diligently, to deliver service of process in accordance with the methods listed in the Michigan Court Rules.

3. This Court should permit alternate service of the summons and complaint on Mr. Fieger, because the proposed alternate service is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.

4. Plaintiff filed her complaint in this matter on August 11, 2020. On August 12, 2020, Plaintiff received the Summons from the Court.

5. On August 12, 2020, Plaintiff's process server tried to personally serve Mr. Fieger at his current business address, 19390 W. 10 Mile Road, Southfield, Michigan 48075, which is open and staffed. *See* **Ex. B**, Affidavit of Aaron Marlow. He was told by a staff member that Mr. Fieger was not available.

6. Deborah Gordon Law then called Mr. Fieger's office to inquire as to whether Mr. Fieger would be in the office at any point that day. His personal

2

assistant, Samantha Teal, stated that Mr. Fieger was not in the office and she did not know when he would return. *See* **Ex. C**, Affidavit of Lynne Sheridan.

7. Plaintiff's process server tried again to personally serve Mr. Fieger at his business address two additional times, on August 13, and August 14, 2020.

8. On August 13, he rang the bell at Mr. Fieger's office and a woman answered. She said Mr. Fieger was available and left to go get him. Five minutes later, a gentleman came to the door and said Mr. Fieger was unavailable now and for the rest of the day. He told the process server to leave or he would call the police. *See* **Ex. B**.

9. On August 14, Plaintiff's process server again arrived at Mr. Fieger's office to serve him. He was told Mr. Fieger was not available.

10. On August 13, August 14, and August 15, 2020, Plaintiff's process server tried to personally serve Mr. Fieger at his personal residence, located at 1781 Rathmor Road, Bloomfield Hills, Michigan 48304. *See id*.

11. Each time, he was unsuccessful.

12. On August 13, 2020, Plaintiff's process server approached Mr. Fieger's residence and rang the doorbell/intercom located near the garage door. A woman answered the intercom and said, "May I help you?" He informed her that he was a process server and that he was there to serve Mr. Fieger with a Summons and Complaint. The woman told him he needed to leave, or she would call the police.

3

13. As Plaintiff's process server was leaving Mr. Fieger's subdivision, a police car was entering it. The process server asked the officer if he was looking for him. The officer asked if he had been knocking on Mr. Fieger's door and the process server said yes. He explained who he was and that he was trying to serve a Summons and Complaint on Mr. Fieger, showing them to the officer. The officer asked if the process server wanted to go with him back to Mr. Fieger's residence and he said yes. The officer and the process server proceeded to Mr. Fieger's driveway.

14. A second police car then pulled up behind them. The two officers talked and came back to the process server. They said that they would forward his contact information to Mr. Fieger, but that he could not approach the house with them. The process server departed. *See id.*

15. Plaintiff then resorted to service via certified mail, which was also unsuccessful.

16. On August 26, 2020, Plaintiff was notified that the delivery of service to Mr. Fieger's personal residence via certified mail was "refused." *See* **Ex. D**, USPS Tracking Form (Home).

17. On September 1, 2020, Plaintiff was notified that the delivery of service to Mr. Fieger's business address via certified mail could not be delivered. *See* **Ex. E,** USPS Tracking Form (Business).

18.     On September 9, 2020, Deborah Gordon Law emailed Ms. Teal to ask whether Mr. Fieger would accept service of the Summons and Complaint. Mr. Fieger was copied as a recipient on the email. *See* **Ex. F**, Email to Samantha Teal.

19.     Deborah Gordon Law advised Ms. Teal that if Mr. Fieger was not going to accept service, Plaintiff would be filing a motion. Neither Ms. Teal or Mr. Fieger responded to the email.

20.     Plaintiff made one final attempt to serve Mr. Fieger. On September 10, 2020, Plaintiff's process server tried once more to personally serve Mr. Fieger at both his personal residence and his business. *See* **Ex. B**. He was again unsuccessful.

21.     Mr. Fieger is a practicing litigation attorney of 41 years; he is well versed in the practice of service of process and the state and federal rules that govern such process.

22.     Moreover, Mr. Fieger is well aware of this lawsuit. He has spoken to the press about it on more than one occasion and has been quoted in the Detroit Free Press. *See* **Ex. G**, Detroit Free Press Article (relevant quotations highlighted).

23.     There is no question Mr. Fieger knows Plaintiff is attempting to serve him. Yet, Mr. Fieger is deliberately avoiding service in order to needlessly delay this proceeding and inconvenience Plaintiff.

24.     As a result, the methods of service set forth in the Michigan Court Rules (applicable to this case) are impracticable, and Plaintiff seeks an alternative route for service of the Summons and Complaint.

THEREFORE, Plaintiff Polina Milman respectfully requests this Court to:

A.      Grant her motion;

B.      Permit her to serve Mr. Fieger via alternate service by posting the Summons and Complaint at his business address and residential address, and mailing a copy of the Summons and Complaint to both locations.

Dated:  September 10, 2020            **DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**POLINA MILMAN**,

    Plaintiff,

v.

**FIEGER & FIEGER, P.C.**, a Michigan corporation; and, **Geoffrey Fieger**, sued in his individual and official capacity,

    Defendants.

Case No: 20-cv-12154
Hon. Stephen J. Murphy, III
Mag. David R. Grand

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

---

## BRIEF IN SUPPORT OF EX PARTE MOTION FOR ALTERNATE SERVICE ON DEFENDANTS

    This Court should permit alternate service of the Summons and Complaint on Mr. Fieger, because the methods of service set forth in the Michigan Court Rules have proved impracticable, and the proposed alternate service is reasonably

1

calculated to give him notice and an opportunity to be heard in accordance with the basic due process requirements. *See* Mich. Ct. Rule 2.105(1).

With irrelevant exceptions, such as minors or incompetents, service upon an individual… may be effected in an judicial district of the United States:

> "(1) pursuant to the law of the state in which the judicial district is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the Courts of general jurisdiction of the State …"

Fed. R. Civ. P. 4(e)(1).

The applicable state and state law is Michigan, and the Michigan Court Rules define Michigan law regarding service of a summons and complaint. Under these rules, where personal service is impracticable, the court has discretion to permit alternate service:

> "On a showing that service of process cannot reasonably be made as provided by this rule [Mich. Ct. Rule 2.105(A)-(H)], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. Rule 2.105(I)(1).

If the Court approves an alternate service order permitting service by posting, the order must include the following:

> "(a) the name of the court,
> (b) the names of the parties;
> (c) a statement describing the nature of the proceedings,
> (d) directions as to where and when to answer or take other action permitted by law or court rule, and

2

>> (e) a statement as to the effect of failure to answer or take other action.
>> (2) If the names of some or all defendants are unknown, the order must describe the relationship of the unknown defendants to the matter to be litigated in the best way possible, as for example, unknown claimants, unknown owners, or unknown heirs, devisees, or assignees of a named person."

Mich. Ct. Rule 2.106(C)(1) & (2).

Plaintiff has shown that service cannot be reasonably made under the Michigan Court Rules, and alternate service is essential. Plaintiff has attempted to serve Mr. Fieger a total of eleven times, to no avail. Plaintiff's process server attempted to personally serve Mr. Fieger on August 12, 2020, at his business address, 19390 W. 10 Mile Road, Southfield, Michigan 48075. *See* **Ex. B**. He was told Mr. Fieger was not available. Deborah Gordon Law then called Mr. Fieger's office to inquire as to whether Mr. Fieger would be in the office that day. His assistant, Samantha Teal, said that Mr. Fieger was not in the office and she did not know when he would return. *See* **Ex. C**.

Plaintiff's process server tried again to personally serve Mr. Fieger at his business address two additional times, on August 13, and August 14, 2020. On August 13, he rang the bell at Mr. Fieger's office and a woman answered. She said Mr. Fieger was available and left to go get him. Five minutes later, a gentleman came to the door and said Mr. Fieger was unavailable now and for the rest of the day. He told the process server to leave or he would call the police. When Plaintiff's process

server arrived at Mr. Fieger's office a third time, on August 14, 2020, He was told Mr. Fieger was not available. *See* **Ex. B**.

Plaintiff's process server also tried to personally serve Mr. Fieger three different times, on August 13, August 14, August 15, 2020, at his personal residence, located at 1781 Rathmor Road, Bloomfield Hills, Michigan 48304. *See id.* Each time, he was unsuccessful.

On August 13, 2020, Plaintiff's process server approached Mr. Fieger's residence and rang the doorbell/intercom located near the garage door. A woman answered the intercom and said, "May I help you?" He informed her that he was a process server and that he was there to serve Mr. Fieger with a Summons and Complaint. The woman told him he needed to leave, or she would call the police.

As Plaintiff's process server was leaving Mr. Fieger's subdivision, a police car was entering it. The process server asked the officer if he was looking for him. The officer asked if he had been knocking on Mr. Fieger's door and the process server said yes. He explained who he was and that he was trying to serve a Summons and Complaint on Mr. Fieger, showing them to the officer. The officer asked if the process server wanted to go with him back to Mr. Fieger's residence and he said yes. The officer and the process server proceeded to Mr. Fieger's driveway.

A second police car then pulled up behind them. The two officers talked and came back to the process server. They said that they would forward his contact

information to Mr. Fieger, but that he could not approach the house with them. The process server departed. *See id.*

Plaintiff then resorted to service via certified mail, which was also unsuccessful. Plaintiff sent the Summons and Complaint to Mr. Fieger's business address on August 22, 2020. The Complaint and Summons were out for delivery on August 31, but on September 1, Plaintiff was notified that the mail could not be delivered. *See* **Ex. E**. Plaintiff also made two attempts to serve Mr. Fieger via certified mail at his home address. On August 24, 2020, delivery of service to Mr. Fieger's home was unsuccessful and a notice of failed delivery was left on the door. On August 26, service to Plaintiff's home was "refused" by the addressee. *See* **Ex. D**.

Having been unsuccessful in serving Mr. Fieger a total of nine different times, on September 9, 2020, Deborah Gordon Law emailed Ms. Teal to ask whether Mr. Fieger would accept service of the Summons and Complaint in this matter. Mr. Fieger was copied as a recipient on the email. Plaintiff's attorney advised that if Mr. Fieger was not going to accept service, Plaintiff would be filing a motion. Plaintiff never heard a response from either Ms. Teal or Mr. Fieger. *See* **Ex. F**.

Plaintiff made two final attempts to serve Mr. Fieger. On September 10, 2020, Plaintiff's process server tried to personally serve Mr. Fieger at both his personal residence and his business. *See* **Ex. B**. He was again unsuccessful.

5

Mr. Fieger's behavior has required the Court's involvement in what should have been a simple process. Mr. Fieger is deliberately attempting to avoid service—for no other reason than to delay this proceeding and inconvenience Plaintiff. Mr. Fieger is a practicing attorney of 41 years; he is well versed in the rudiments of service of process and the state and federal rules that govern.

Moreover, Mr. Fieger is well aware of this lawsuit. He has spoken to the press about Plaintiff and her Complaint on a number of occasions, and has been quoted in the Detroit Free Press as saying this lawsuit is "complete nonsense" and making false statements about Plaintiff. **Ex. G**. He has also been copied on correspondence indicating Plaintiff's attempt to serve him. **Ex. F**. There is no question Mr. Fieger knows Plaintiff is attempting to serve him. Thus, the methods of service set forth in the Michigan Court Rules are impracticable, and Plaintiff seeks an alternative route for service of the Summons and Complaint.

Plaintiff now respectfully requests that the Court grant her permission to serve Defendant by alternative service, specifically, by mailing and tacking the Summons and Complaint to the Defendant's business address and residential address, and mailing the Summons and Complaint to both addresses via regular USPS mail. "[T]acking a copy of the summons and complaint to the door of the address of a defendant may be considered a 'manner reasonably calculated to give the defendant actual notice,' especially when accompanied by a mailing." *Macomb Interceptor*

6

*Drain Drainage Dist. v. Kilpatrick,* No. 11–13101, 2011 WL 5599388, at *1 (E.D. Mich. Nov 16, 2011). Thus, an alternate service order is justified and necessary.

## CONCLUSION

THEREFORE, Plaintiff respectfully requests this Court to:

A. Grant her motion;

B. Permit her to serve Defendants by alternate service by posting at Defendant's business address and residential address, and sending the Summons and Complaint to both addresses, via USPS mail.

Respectfully submitted,

Dated: September 10, 2020           **DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2020, I electronically filed the foregoing Motion, Brief and Exhibits with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)

7

Sarah Gordon Thomas (P83935)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com