UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLINA MILMAN,

          Plaintiff,

v.

FIEGER & FIEGER, P.C.
and GEOFFREY FIEGER,

          Defendants.
_____/

Case No. 2:20-cv-12154

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFF'S EX-PARTE
MOTION FOR ALTERNATE SERVICE ON DEFENDANTS [6]**

A month after filing her complaint, Plaintiff moved ex-parte for an order permitting alternate service on Defendants. ECF 6. Plaintiff has asserted that Defendant Geoffrey Fieger ("Fieger") is the resident agent for Defendant Fieger & Fieger ("Fieger & Fieger"). *See* ECF 6-2 (state of Michigan online filing system result for Fieger & Fieger). Plaintiff must therefore serve Fieger with a copy of the complaint along with the summons for Fieger & Fieger and the summons for himself. *See* Fed. R. Civ. P. 4(h). Plaintiff contended that her efforts to serve Defendants by personal service and certified mail have been unsuccessful. ECF 6, PgID 35; *see also* ECF 6-3, PgID 46–49 (affidavit of process server that detailed service efforts); ECF 6-5, 6-6 (USPS tracking receipts that showed documents sent to Fieger's home and office were returned to sender).

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve a person in any way authorized by the forum state's laws. *See generally* Mich. Ct. R. 2.105(A)–

1

(H) (allowing service of process through personal delivery or through sending a summons and the copy of complaint by registered or certified mail). Although Michigan permits a court to authorize alternative means of service, the plaintiff must first show that "service of process cannot reasonably be made as [otherwise] provided" in the Michigan Court Rules. Mich. Ct. R. 2.105(I)(1). When a court authorizes alternate service, it must ensure that the service is "made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." *Id.*; *see also Lawrence M. Clark, Inc. v. Richco Const., Inc.*, 489 Mich. 265, 278–79 (2011) (same).

Here, Plaintiff has shown that attempts to serve Defendants by personal service have failed. ECF 6-3, PgID 46–49. For example, Plaintiff's process server described eight attempts to personally serve Fieger at his business and personal residence. *Id*. On all occasions, the process server was told to leave because Fieger was not there. *Id*. In addition, a legal secretary for Plaintiff's counsel tried to contact Fieger's assistant (Samantha Teal) to arrange service, but Teal informed her that Fieger was not at the office and did not know when he would return. ECF 6-4. Plaintiff's legal secretary also emailed both Fieger and his assistant asking if Fieger would accept service of the summonses and complaint, neither replied. ECF 6, PgID 31; ECF 6-7. And Plaintiff tried to serve Defendant by certified mail four times to no avail. ECF 6-5, 6-6. Last, Plaintiff's complaint has received some media attention. *See* ECF 6-8. And it appears Fieger is aware of the case. *Id*. at 66–67.

In sum, the Court finds that Plaintiff has diligently tried to effect service of process on both Defendants, and that Fieger seems to have evaded service of process to date. *See Grimes v. Bessner*, No. 17-12860, 2017 WL 4467549, at *2–3 (E.D. Mich. Oct. 6, 2017) (finding that a plaintiff who repeatedly tried to effect service on an evasive defendant was entitled to an order allowing alternate service of process under Mich. Ct. R. 2.105(I)(1)); *see also Live Face on Web, LLC v. Stahold Corp.*, No. 17-13918, 2018 WL 3363727, at *3 (E.D. Mich. July 10, 2018) (determining that a defendant was evading service because he was aware of the attempts to serve him).

The Court will therefore require Plaintiff to effect service of process on Defendants by mailing the summonses, ECF 2–3, the complaint, ECF 1, and a copy of this Order to Fieger's home and business addresses through USPS certified mail. Plaintiff must also serve Fieger's assistant, Samantha Teal, with the same documents. Finally, Plaintiff must post the same documents on the front doors of Fieger's home and business.

The Court finds that these methods are reasonably calculated to provide Defendants with further notice of the proceedings and a chance to be heard. *See Live Face on Web, LLC*, 2018 WL 3363727, at *3 (holding that service on a defendant's assistant along with posting the summons and complaint on the defendant's front door and mailing copies to the defendant were reasonably calculated to provide actual notice of the proceedings and a chance to be heard).

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's ex-parte motion for alternate service on Defendants [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall **SERVE** Defendants by mailing the summonses, ECF 2–3, the complaint, ECF 1, and a copy of this Order to Fieger's home and business addresses through USPS certified mail.

**IT IS FURTHER ORDERED** that Plaintiff shall **SERVE** Samantha Teal, with the summonses, ECF 2–3, the complaint, ECF 1, and a copy of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall **POST** the summonses, ECF 2–3, the complaint, ECF 1, and a copy of this Order to the front doors of Fieger's home and business.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 22, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager