# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**POLINA MILMAN**, *an individual*,

    Plaintiff,

v.

    Case No.: 2:20-cv-12154
    Hon. Stephan Murphy

**FIEGER & FIEGER, P.C., D/B/A FIEGER FIEGER, KENNEY & HARRINGTON, P.C.,** *a Michigan corporation*; *and*, **GEOFFREY FIEGER**, *an individual, sued in his individual and official capacity,*

    Defendants.

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com | **PLUNKETT COONEY**<br>Thomas P. Vincent (P32794)<br>Courtney L. Nichols (P75160)<br>Attorneys for Defendants<br>38505 Woodward Avenue., Suite 2000<br>Bloomfield Hills, MI 48304<br>(248)901-4000<br>TVincent@plunkettcooney.com<br>CNichols@plunkettcooney.com |
| **MORGAN & MORGAN, P.A.**<br>Michael N. Hanna (P81462)<br>Habo N. Yono (P81114)<br>Attorney for Defendants<br>2000 Town Center, Suite 1900<br>Southfield, MI 48075<br>(313)251-0399<br>mhanna@forthepeople.com | **FIEGER & FIEGER, P.C.**<br>Geoffrey N. Fieger (P30441)<br>Attorney for Defendants<br>19390 West Ten Mile Road.<br>Southfield, MI 48075<br>(248) 355-5555<br>g.fieger@fiegerlaw.com |

## DEFENDANTS MOTION FOR ENTRY OF ORDER STAYING DISCOVERY UNTIL RULING ON DEFENDANTS MOTION TO DISMISS AND FOR SANCTIONS

NOW COMES Defendants, by and through its attorneys, files this Motion for Entry of Order Staying Discovery Until Ruling on Defendants Motion to Dismiss and for Sanctions.

Defendants requested, but did not receive, from Plaintiff concurrence in the relief sought consistent with Local Rule 7.1(a).

**WHEREFORE**, Defendants request that this Honorable Court grant its Motion for Entry of Order Staying Discovery Until Ruling on Defendants Motion to Dismiss and for Sanctions.

Respectfully Submitted,

/s/: *Thomas P. Vincent*
**PLUNKETT COONEY**

Dated: November 19, 2020         Thomas P. Vincent (P32794)
Courtney L. Nichols (P75160)
Attorneys for Defendants

AND

/s/: *Michael N. Hanna*
**MORGAN & MORGAN, P.A.**
Michael N. Hanna (P81462)
Haba N. Yono (P81114)
Attorney for Defendants

AND

*/s/: Geoffrey N. Fieger*
**FIEGER & FIEGER, P.C.**
Geoffrey N. Fieger (P30441)
Attorney for Defendants

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**POLINA MILMAN**, *an individual*,

    Plaintiff,

v.                                                                          Case No.: 2:20-cv-12154
                                                                            Hon. Stephan Murphy

**FIEGER & FIEGER, P.C., D/B/A FIEGER FIEGER, KENNEY & HARRINGTON, P.C.,** *a Michigan corporation*; *and*, **GEOFFREY FIEGER**, *an individual, sued in his individual and official capacity,*

    Defendants.

| | |
|---|---|
| **DEBORAH GORDON LAW** | **PLUNKETT COONEY** |
| Deborah L. Gordon (P27058) | Thomas P. Vincent (P32794) |
| Elizabeth Marzotto Taylor (P82061) | Courtney L. Nichols (P75160) |
| Sarah Gordon Thomas (P83935) | Attorneys for Defendants |
| Attorneys for Plaintiff | 38505 Woodward Avenue., Suite 2000 |
| 33 Bloomfield Hills Parkway, Suite 220 | Bloomfield Hills, MI 48304 |
| Bloomfield Hills, Michigan 48304 | (248)901-4000 |
| (248) 258-2500 | TVincent@plunkettcooney.com |
| dgordon@deborahgordonlaw.com | CNichols@plunkettcooney.com |
| emarzottotaylor@deborahgordonlaw.com | |
| sthomas@deborahgordonlaw.com | |
| | |
| **MORGAN & MORGAN, P.A.** | **FIEGER & FIEGER, P.C.** |
| Michael N. Hanna (P81462) | Geoffrey N. Fieger (P30441) |
| Haba N. Yono (P81114) | Attorney for Defendants |
| Attorney for Defendants | 19390 West Ten Mile Road. |
| 2000 Town Center, Suite 1900 | Southfield, MI 48075 |
| Southfield, MI 48075 | (248) 355-5555 |
| (313)251-0399 | g.fieger@fiegerlaw.com |
| mhanna@forthepeople.com | |

## DEFENDANTS BRIEF IN SUPPORT OF ITS MOTION FOR ENTRY OF ORDER STAYING DISCOVERY UNTIL RULING ON DEFENDANTS MOTION TO DISMISS AND FOR SANCTIONS

NOW COMES Defendants, by and through its attorneys, for its Brief in Support of its Motion for Entry of Order Staying Discovery Until Ruling on Defendants Motion to Dismiss and for Sanctions, hereby state as follows:

### INTRODUCTION & BACKGROUND

Plaintiff filed this action on August 11, 2020.  Plaintiff's Complaint is legally meritless, and nothing more than a thinly-veiled publicity stunt designed to attempt to embarrass Defendants, Fieger & Fieger, P.C. and Geoffrey N. Fieger.  In lieu of filing a responsive pleading to the complaint, Defendants filed a Motion to Dismiss and For Sanctions in accordance with Rule 12(b)(6).  Defendants contemporaneously file this Motion to Stay Discovery until its Motion to Dismiss and For Sanctions can be ruled upon by the Court.

### LAW AND ARGUMENT

Discovery should be stayed pending a decision on Defendants Motion to Dismiss the Plaintiff's Complaint for failure to state a claim.  Motions to Dismiss under Rule 12(b)(6) examine the legal sufficiency of the pleadings. Defendants seek only a stay of discovery pending this Court's decision on the Motion to Dismiss and for Sanctions. If Defendants motion is well taken, no factual discovery will assist Plaintiff to defend against the Motion to Dismiss and for Sanctions.  Therefore, there is no prejudice to Plaintiff in granting the Motion for Stay of Discovery.

{00999210.DOCX}                                    5

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir.2003) (quoting Hahn, 190 F.3d at 719). Under Sixth Circuit authority, limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Mem. Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir.1995)).

Thus, a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies a delay in proceedings. Such a motion, therefore, is analogous to a request to modify the case management order, which requires a showing of good cause. FED. R. CIV. P. 16(b)(4). The appropriate standard is "good cause"—no more and no less. FED. R. CIV. P. 26(c)(1); see *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir.2012).

An important consideration as to the good-cause question is whether discovery will in any way affect the motion now pending before the Court or otherwise prejudice Plaintiff. The Court of Appeals has noted that limitations on pretrial discovery are indeed appropriate where claims may be dismissed based on legal determinations that could not have been altered in any way by further discovery. *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir.2003). By contrast, a court may abuse its discretion when it forecloses discovery on issues that are germane to the dispositive motion.

In essence, Defendants here seek to avoid the substantial expense of discovery until such time as the court can rule on the pending dispositive motion.

A Rule 16 conference has not yet been scheduled, so Plaintiff is not prejudiced either by Defendant's request, or a stay pending a decision on the motion to dismiss. Defendants would request a stay of discovery pending a decision on the Motion to Dismiss at the Rule 16 conference, and this motion (which will be before the Court before the Rule 16 conference), allows the Court to decide that issue.

With a matter that is new before the Court, the equities favor Defendants. The present request is not to stay discovery indefinitely, but <u>only</u> until such time as This Court can decide whether this case should proceed. Aside a delay in discovery, Plaintiff cannot demonstrate any prejudice or any other reason to require the parties to undergo the time and expense of discovery.

If a stay is granted, both parties will be spared unnecessary expense. If Defendants' motion is denied, then Plaintiffs will be permitted a full opportunity to conduct discovery. The delay requested by Defendants is finite, and the request is reasonable under the circumstances.

**WHEREFORE**, Defendants request that this Honorable Court grant its Motion for Entry of Order Staying Discovery Until Ruling on Defendants Motion to Dismiss and for Sanctions.

Respectfully Submitted,

Dated: November 19, 2020

/s/: *Thomas P. Vincent*
**PLUNKETT COONEY**
Thomas P. Vincent (P32794)
Courtney L. Nichols (P75160)
Attorneys for Defendants

AND

/s/: *Michael N. Hanna*
**MORGAN & MORGAN, P.A.**
Michael N. Hanna (P81462)
Haba N. Yono (P81114)
Attorney for Defendants

AND

/s/: *Geoffrey N. Fieger*
**FIEGER & FIEGER, P.C.**
Geoffrey N. Fieger (P30441)
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/: *Samantha M. Teal*
**Legal Assistant to Geoffrey N. Fieger**