UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLINA MILMAN,

                Plaintiff,

v.

FIEGER & FIEGER, P.C. and
GEOFFREY FIEGER,

                Defendants.
_____/

Case No. 2:20-cv-12154

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANTS' MOTION TO STAY [24]**

Plaintiff sued Defendants for several claims and Defendants responded to the complaint with a motion to dismiss, ECF 23, and a motion to stay discovery, ECF 24. The parties appear to disagree about whether Plaintiff is entitled to discovery from Defendants at this early stage in the case. But Federal Rule of Civil Procedure 26(d) explains that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" So far, the parties have not conferred under Rule 26(f). And the parties need not confer under Rule 26(f) until "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." But the Court has not issued a scheduling order or arranged a scheduling conference.

Under Rule 16(b)(2), the Court "must issue the scheduling order as soon as practicable . . . unless the [Court] finds good cause for delay[.]" The Court will not issue a scheduling order until after ruling on the motion to dismiss because there is

1

good cause for delay. In particular, there is no pressing need to conduct discovery because the Court does "not need additional facts to decide the dispositive legal issues[.]" *Grudzinski v. Staren*, 87 F. App'x 508, 511 (6th Cir. 2004). To that end, if the Court grants the motion to dismiss—in full or in part—any discovery conducted before the Court's ruling may very well be unnecessary to resolve the remaining claims.

In any event, the Court will deny the motion to stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that district courts have the inherent authority to stay proceedings). As the Court's Practice Guidelines emphasize, the Court cannot sanction discovery until the 26(f) conference occurs. *See* Fed R. Civ. P. 26(d). Given that Defendants seek to stay discovery until after the Court rules on the motion to dismiss, the Court will deny the motion to stay because neither party is entitled to discovery under Rule 26(d). Granting the motion to stay at this point would be redundant of the Federal Rules of Civil Procedure.

**WHEREFORE**, it is hereby **ORDERED** that the motion to stay [24] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court finds good cause to **DELAY** issuing a Rule 16(b) scheduling order.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: January 25, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 25, 2021, by electronic and/or ordinary mail.

                                      s/ David P. Parker
                                      Case Manager